NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREEN EDGE ENTERPRISES, LLC,**
*Plaintiff/Counterclaim Defendant,*

v.

**RUBBER MULCH ETC., LLC, GROUNDSCAPE TECHNOLOGIES, LLC, AND RUBBER RESOURCES, LTD., LLP,**
*Defendants/Counterclaimants,*

v.

**INTERNATIONAL MULCH COMPANY AND MICHAEL MILLER,**
*Counterclaim Defendants,*

v.

**JUDY SMITH,**
*Counterclaim Defendant,*

AND

**LEE GREENBERG,**
*Counterclaim Defendant-Appellant.*

---

2012-1126

---

Appeal from the United States District Court for the Eastern District of Missouri in case no. 02-CV-0566, Magistrate Judge Terry I. Adelman.

---

## ON MOTION

---

Before RADER, *Chief Judge,* GAJARSA and REYNA, *Circuit Judges.*

PER CURIAM.

### ORDER

International Mulch Company and Michael Miller (collectively, IMC) move to dismiss Lee Greenberg's appeal as untimely. Greenberg opposes. Judy Smith also moves to intervene.

Green Edge Enterprises, LLC asserted claims of patent infringement against Rubber Mulch Etc. LLC, Groundscape Technologies, LLC, and Rubber Resources, Ltd in the United Stated District Court for the Eastern District of Missouri. Rubber Resources filed counterclaims adding IMC and Miller as defendants. Specifically, Rubber Resources sought a declaration that the patent was invalid and unenforceable and also contended that Green Edge and IMC had asserted the patent in bad faith in violation of the Lanham Act, 15 U.S.C. § 1125.

The district court bifurcated the patent claims from the Lanham Act claims and held a jury trial on the patent claims. The jury returned a verdict that the patent was willfully infringed and that the patent was invalid due to anticipation and obviousness. IMC moved for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. On August 22, 2011, the district court entered the following docket entry in its entirety without any accompanying order or memorandum:

> IT IS HEREBY ORDERED that [IMC]'s Motion for Entry of Final Appealable Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [Doc. # 563] is GRANTED. IT IS FURTHER ORDERED that the Judgment entered on August 9, 2011 [Doc. # 556] is hereby made final and immediately appealable in accordance with Fed. R. Civ. P. 54(b). Signed by Magistrate Judge Terry I. Adelman on 8/22/11.

On September 19, 2011, Greenberg filed a "motion for a new trial," which was denied by the district court the following day. On December 13, 2011, Greenberg filed his notice of appeal.

IMC moves to dismiss Greenberg's appeal for lack of jurisdiction. IMC argues that Greenberg's appeal had to be received by the district court no later than October 20, 2011 or 30 days from the date of the district court's denial of Greenberg's motion for a new trial. Because Greenberg's appeal was not received until December 13, 2011, IMC argues that this court lacks jurisdiction over the appeal and must dismiss.

The court agrees with IMC's argument that this court lacks jurisdiction over this appeal, but not because the appeal was filed at the district court too late.

Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In *iLor LLC v. Google Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008), this court explained that "it must be apparent, either from the district court's order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment."

Here, the district court did not expressly determine that there was no just reason for delay and provided no reason for justifying a departure from the normal course of an appeal on all issues after final judgment. Because there is neither a final judgment nor an appealable judgment under Rule 54(b), the court dismisses the appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

(3) The motion to intervene and the motion to dismiss are moot.

FOR THE COURT

MAR 1 5 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Lee Greenberg
    Keith A. Rabenberg, Esq.
    Judy Smith
s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 5 2012

JAN HORBALY
CLERK